IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DIST. COURT
S[...]

OCT -9 2015

CLERK
SO. DIST. OF GA

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR408-[...]
)
ANTHONY PRIDGEN, )
)
Defendant. )
)

## O R D E R

Before the Court is Defendant Anthony Pridgen's "Motion for Credit Time Served." (Doc. 33.) In the motion, Defendant seeks credit for the time he spent in state custody prior to being sentenced by this Court. (Id. at 2.) This request is based on the Court's recommendation that his federal sentence run concurrently with the state sentence he was then serving due to the revocation of his parole. (Id. at 1.) However, 18 U.S.C. § 3585(a) mandates that a defendant's sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Because the place of confinement is determined at sentencing, a federal sentence cannot begin to run prior to the actual imposition of the sentence. See Fed. Bureau of Prisons, Program Statement 5880.28, Sentence

Computation Manual (CCA of 1984) at 33 (1999) ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). Therefore, Defendant cannot receive credit for the time he served on his state sentence prior to this Court's imposition of his federal sentence.

In some cases, a defendant may receive credit for time spent in custody prior to the imposition of sentence. However, 18 U.S.C. § 3585(b) prohibits a defendant from receiving credit against his federal sentence for time spent in state custody where that time was also credited against another sentence.[1] In this case, applying the time Defendant spent in state custody, which was credited against his state sentence, toward his federal would run contrary to the express statutory language of § 3585(b). Moreover, this Court is unable to order the BOP to award Defendant the credit he seeks. The BOP, not this Court, ultimately determines whether a defendant should receive credit. See United States v. Wilson, 503 U.S. 329, 331-34 (1992) (holding that BOP determines credit issues, not district courts); United States v. Pineyro, 112 F.3d 43, 45

---

[1] "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence"." 18 U.S.C. § 3585(b) (emphasis added).

2

(2d Cir. 1997) (recognizing federal courts lack authority under § 3585 to order BOP to award credit). For these reasons, Defendant's motion must be **DENIED**.

SO ORDERED this 9th day of October 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA